UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELEE WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>ROBERT HALF INTERNATIONAL INC.,<br><br>   Defendant. | Case No. 20-cv-03989-KAW<br><br>**PRETRIAL CONFERENCE TENTATIVE RULINGS** |

## I.  MOTIONS IN LIMINE

Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| D₁ | Exclude fax from Ms. Williams' counselor, Kathleen Alberts, to Broadspire dated October 1, 2020 | DENY | Plaintiff may introduce the fax into evidence to demonstrate that Plaintiff's therapist had submitted the form to show pretext. |
| D₂ | Exclude evidence of actions by the Illinois Department of Employment Security ("IDES") | GRANT | The IDES Determination Letter may not be used as evidence in this proceeding. 820 Ill. Comp. Stat. 405/1900. |

|  | | | |
|---|---|---|---|
| D3 | **Exclude evidence of communications between Ms. Williams and RHI's third party administrator, Broadspire** | **DENY** | Defendant's request is overbroad. Although Defendant characterizes these communications between Plaintiff and a third-party as irrelevant, Plaintiff's allegations of Defendant's improper interference with her benefits request make the communications relevant to the remaining retaliation claims. |
| D4 | **Exclude evidence of whether RHI paid Ms. Williams less than men for similar work or RHI's compensation to its employees prior to August 18, 2019** | **GRANT** | Discriminatory conduct occurring prior to the limitations period may be considered as part of the continuing violations doctrine in support of a hostile work environment claim. Plaintiff nowhere argues that differential pay amounted to harassing conduct, nor does she show that differential pay is a relevant consideration to the hostile work environment assessment. Evidence of differential pay prior to the limitations period is thus irrelevant. |
| D5 | **Exclude evidence of the reasons why Chris Brinkman left RHI** | **DENY** | The harassment of other women by Plaintiff's former direct supervisor is "relevant and probative" of the supervisor's hostility toward women. *Heyne v. Caruso*, 69 F.3d 1475, 1480–81 (9th Cir. 1995). Plaintiff's admission that Brinkman did not harass her does not preclude consideration of his maltreatment of other women in the Court's hostile environment assessment. |
| D6 | **Exclude evidence of settlement communications between counsel Ellen Bronchetti and Seth Rafkin** | **DENY** | The email correspondence does not constitute confidential settlement communications under Rule 408(a). Defendant's counsel does not exhibit an offer of valuable consideration in compromising or attempting to compromise the claim. Fed. R. Evid. 408 (a)(1). Defense counsel emailed Plaintiff's counsel "out of courtesy" (Bronchetti Decl., Ex. 5), not "during compromise negotiations about the claim." Fed. R. Evid. 408(a)(2). The Court does not rule, at this stage, on the authentication of the email correspondence. |

| | | | |
|---|---|---|---|
| D7 | **Exclude evidence of alleged non-gender-based bullying** | **DENY** | This category of evidence is overbroad. But more importantly, Plaintiff still has claims for retaliation which need not necessarily rely on gender-based bullying. |
| D8 | **Regarding the Scope of the Parties' Non-Compete Provision** | **DENY** | This is an improper motion in limine that requires the Court to interpret a contractual provision in a vacuum. |
| D9 | **Exclude evidence of Ms. Williams' Verbal Complaints as Not Protected Activities** | **DENY** | This evidence, in contrast to the evidence excluded under Motion in Limine No. 4, is relevant to a remaining claim. The evidence of Plaintiff's complaints, even verbal complaints, is relevant to her cause of action for retaliation. |
| D10 | **Exclude evidence of being excluded from meetings and not being provided a mentor as adverse actions** | **GRANT IN PART, DENY IN PART** | Plaintiff does not meaningfully argue that the failure to provide a mentor demonstrates an adverse action, and that category of evidence is accordingly excluded. Evidence of Plaintiff's exclusion from meetings may be introduced as an adverse action. *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 869 (9th Cir.1996) (exclusion from meetings and seminars that would have made plaintiff eligible for salary increases qualifies as adverse employment action). |

## II. EVIDENTIARY ISSUES

A.  **Plaintiff's Objections**

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Dawn Abbey** | **SUSTAIN** | Abbey was not timely disclosed, and Defendant does not directly respond to Plaintiff's objection to her testimony. |
| **Tom Andreesen** | **SUSTAIN** | Andreesen was not timely disclosed, and Defendant does not establish that his testimony will not result in prejudice. |

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Gianne Cohoon** | **SUSTAIN** | Cohoon was not timely disclosed, and Defendant does not directly respond to Plaintiff's objection to her testimony. |
| **Kerry Daley** | **SUSTAIN** | Daley was not timely disclosed, and Defendant does not establish that her testimony will not result in prejudice. |
| **Kim Lampo** | **SUSTAIN** | Lampo was not timely disclosed, and Defendant does not directly respond to Plaintiff's objection to her testimony. |
| **Fran Liontakis** | **SUSTAIN** | Linotakis was not timely disclosed, and Defendant does not directly respond to Plaintiff's objection to her testimony. |
| **Colleen Tanaka George** | **SUSTAIN** | Tanaka George was not timely disclosed as a witness, Defendant does not establish that her testimony will not result in prejudice. Additionally, her intended testimony appears redundant. |
| **Martha Tinajero** | **OVERRULE** | Though disclosed late, the identification of Tinajero can hardly be surprising to Plaintiff. It appears Plaintiff was aware of Broadspire's relevance, particularly where Plaintiff subpoenaed materials from Broadspire in April 2021 and Plaintiff's counsel interacted with Tinajero. *See* Dkt. 150-2 at 86. |
| **Todd Price** | **SUSTAIN** | Price was not timely disclosed. Although Defendant intends to ask only that he authenticate certain documents, which might not result in prejudice to Plaintiff, those documents were also disclosed well after the close of discovery. |
| **Leslie Rife** | **SUSTAIN** | Rife was not timely disclosed, and Defendant does not establish that her testimony will not result in prejudice. |
| **Stephanie Sweet** | **SUSTAIN** | Sweet was not timely disclosed, and Defendant does not establish that her testimony will not result in prejudice. |
| **Radhika Tatavarthy** | **SUSTAIN** | Tatavarthy was not timely disclosed, and Defendant does not establish that her testimony |

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
|  |  | will not result in prejudice. |
| **Jill Thompson** | **SUSTAIN** | Thompson was not timely disclosed, and Defendant does not establish that her testimony will not result in prejudice. |
| **Exhibit A-28–32, 36–42 (Applications for MBS – VP position)** | **OVERRULE** | Plaintiff objects for lack of relevance, but the qualifications of other candidates for the position she was denied are relevant to Defendant's legitimate business reasons defense.  The Court does not yet rule on the exhibits' foundations and authenticity.  Disclosure of documents late within discovery period (as opposed to after close of discovery) does not render disclosure untimely. |
| **Exhibit A-98–100 (Personnel files of other applicants to MBS – VP position)** | **SUSTAIN** | Documents were not produced until December 13, 2022, well after the close of discovery. |
| **Exhibits A-106–109 (LinkedIn profiles and Todd Price affidavit)** | **SUSTAIN** | Documents were not produced until December 19, 2022, well after the close of discovery. |
| **Exhibits A-110 (Total award base salary schedule)** | **OVERRULE** | Though disclosed late, Plaintiff cannot be surprised by this Exhibit, something within her knowledge and underlying certain of her claims in this lawsuit. |
| **Exhibit A-111–122 (Broadspire Files)** | **SUSTAIN** | Documents were not produced until December 19, 2022, well after the close of discovery. |

B.     **Defendant's Objections**

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Jennifer Burgstiner, Ellen Bronchetti, Vicki Gunn** | **SUSTAIN** | None of these witnesses were timely disclosed, and Plaintiff does not establish that their testimony will not result in prejudice. |
| **RHI Records Custodian** | **OVERRULE** | Plaintiff may call Defendant's custodian of records to authenticate materials produced for |

5

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| | | trial.  Defendant suffers no prejudice by authenticating its documents. |
| **Broadspire Records Custodian** | **OVERRULE IN PART, SUSTAIN IN PART** | Plaintiff may call Broadspire's custodian of records to authenticate materials produced for trial.  However, Plaintiff may not pursue questioning regarding Broadspire's allegedly insufficient response to Plaintiff's earlier subpoena.  The time has passed for Plaintiff to compel such responses. |
| **Carlos Fraga** | **OVERRULE** | Fraga's testimony regarding compensation at RHI is not irrelevant given the remaining scope of Plaintiff's Title VII claim and its inclusion of differential pay. |
| **Exhibits 3, 5 (incomplete email strings)** | **SUSTAIN** | Plaintiff acknowledges that the email chains are incomplete and states her willingness to supplement the Exhibits with the missing pages.  Plaintiff is ORDERED to provide the full email chain if she intends to present the Exhibits into evidence. |
| **Exhibit 10 (Convention Agenda relating to Resilience in Action dated September 23, 2021)** | **OVERRULE** | Exhibit was not disclosed late.  Rather, it was previously disclosed in evidence as an exhibit in Tim Hurd's deposition. |
| **Exhibit 13 (envelope addressed to Ms. Williams from Gregory Mathurin postmarked June 10, 2020)** | **OVERRULE** | Exhibit was not disclosed late.  It was an exhibit to Plaintiff's opposition to Defendant's Motion for Summary Judgment. (ECF 97, Ex. B.) |
| **Exhibit 17 (email correspondence between counsel for Ms. Williams, Seth Rafkin, and Vicki Gunn of Broadspire's in-house legal team from April 7, 2021, to May 4, 2021)** | **OVERRULE** | Exhibit was not disclosed late.  It was an exhibit to Plaintiff's opposition to Defendant's Motion for Summary Judgment. |
| **Exhibit 19 (email correspondence between Mr. Rafkin and counsel** | **OVERRULE** | Exhibit was not disclosed late, nor was it a surprise—it is correspondence with Defendant's counsel.  Additionally, the correspondence does |

6

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| for RHI, Ellen Bronchetti, from to December 2 to 3, 2020 | | not constitute a confidential settlement communication. *See* Defendant's MIL 6. |
| **Exhibit 20** (Determination Letter from Illinois Department of Employment Security to Ms. Williams dated February 10, 2021) | **SUSTAIN** | Determination letter was not disclosed late given that Defendant received a copy of the same correspondence directly from IDES. However, the Determination Letter may not be used as evidence in this proceeding, and it amounts to hearsay. *See also* Defendant's MIL 2. |
| **Exhibit 62** (email correspondence between counsel for Plaintiff, Seth Rafkin, and Vicki Gunn of Broadspire) | **SUSTAIN** | The exhibit was disclosed late, and Plaintiff does not establish that late disclosure was harmless. |
| **Exhibit 89** (W-2 Wage and Tax Statements for Ms. Williams from 2017 through 2020) | **OVERRULE** | These documents were issued by Defendant, were in Defendant's possession, and notably should have been produced by Defendant pursuant to General Order 71. Though disclosed late, Defendant is not surprised or prejudiced by their consideration. |
| **Exhibits 23–25, 65–68, 76, 85** (RHI compensation plans and revenue report) | **OVERRULE** | These exhibits are not irrelevant. Plaintiff's claims for gender discrimination and retaliation under Title VII, as well as her claim for constructive termination, remain standing. However, evidence of differential pay prior to August 18, 2019, is not actionable, and those portions of the exhibits older than that date will not be considered by the Court. *See* Defendant's MIL 4. |
| **Exhibit 21** (Salesforce Codes) | **SUSTAIN** | Plaintiff acknowledges that this Exhibit was mislabeled and states that she intends to provide the correct exhibit, the "2018 Reach for the Stars Award," to Defendant and the Court. |
| **Exhibit 22** (Chris Brinkman File) | **OVERRULE** | Defendant argues that Brinkman's discharge is irrelevant to Plaintiff's claims, but Brinkman's alleged harassment of other women may be considered in the Court's hostile environment assessment. *See* Defendant's MIL 5. |

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Exhibits 58, 59 (text messages with J. Burgstiner and J. Accardi)** | **SUSTAIN** | These text messages amount to hearsay. Further, they are irrelevant. |
| **Exhibit 63 (Plaintiff's Mitigation Summary)** | **SUSTAIN** | The exhibit was disclosed late, and Plaintiff does not establish that late disclosure was harmless. |

### III. MOTION TO STRIKE

Plaintiff filed her responses to Defendant's objections two days late. (Dkt. 151, Dkt. 152.) Plaintiff's counsel acknowledged that the responses were tardy in a letter to the Court on Sunday, January 22, 2023. (Dkt. 154.) Defendant then moved to strike Plaintiff's late-filed responses to her objections. (Dkt. 155.)

Plaintiff asks the Court not to strike the late-filed responses based on excusable neglect. "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Given the mere two-day delay and the fact that no subsequent deadlines were impacted, the good faith calendaring mistake by Plaintiff's counsel constitutes excusable neglect that does not result in prejudice to Defendant. Therefore, the Court will DENY Defendant's Motion to Strike Plaintiff's Responses to Defendant's Objections.

**IT IS SO ORDERED.**

Dated: January 31, 2023

KANDIS A. WESTMORE
United States Magistrate Judge