ELLEN M. BRONCHETTI (SBN 226975)
RONALD J. HOLLAND (SBN 148687)
**GREENBERG TRAURIG, LLP**
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: 415.655.1300
Facsimile: 415.707.2010
Ellen.bronchetti@gtlaw.com
ron.holland@gtlaw.com

Attorneys for Defendant
ROBERT HALF INTERNATIONAL, INC.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELEE WILLIAMS<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL, INC.<br><br>Defendant. | CASE NO. 4:20-CV-03989<br><br>**DEFENDANT ROBERT HALF INTERNATIONAL, INC.'S OBJECTIONS TO PLAINTIFF KELEE WILLIAMS' CLOSING ARGUMENT BRIEF** |

Defendant ROBERT HALF INTERNATIONAL, INC. ("RHI") objects to Plaintiff Kelee Williams' ("Plaintiff") Closing Argument Brief (the "Brief") for containing factual representations which are not supported by the evidence. On these grounds, RHI requests that this Court strike the factual misrepresentations in the Brief at 6:16-18, 7:22-25, 8:17-18, 8:23-28, and 13:1-5.

It is self-evident that "it is improper to base closing arguments upon evidence not in the record." *U.S. v. Gray*, 876 F.2d 1411, 1417 (9th Cir. 1989); *see United States v. Sanchez-Soto*, 617 F. App'x 695, 5 (9th Cir. 2015) (a party "may not, however, base closing argument on evidence not in the record"). Where a parties' theories "are not supported by the evidence," a district court has "the power to preclude" such arguments. *U.S. v. Miguel*, 338 F.3d 995, 1001 (9th Cir. 2003). Each of the following seven statements violate these principles and should be stricken.

**First**, Ms. Williams incorrectly states: "Plaintiff testified to being excluded from leadership meetings and complained about it. Her notes corroborate her having raised this issue. Ex. 44, p. 295. These were meetings where information important to her VP, MBS role was shared." (Brief 6:16-18.) There is no evidence in the record showing that information important to Ms. Williams' VP, MBS role, or even relevant to her role, were shared in any meetings she did not attend.

**Second**, Ms. Williams' inaccurately argues: "Mathurin testified that he did not make any such findings because he did not do anything other than talk to Plaintiff. To the extent anything else was done, it was done by Mawla. Tr. 904:21-907:10. Tellingly, *when the male executives involved were "interviewed", they were interviewed by Mawla*. *Id*." (Brief 7:22-25 (emphasis added).) To the contrary, Mr. Mathurin testified that he – not Mr. Mawla – was the one who interviewed Mr. Trudeau. (Tr. 905:16-19 ("I met with Mr. Trudeau and Mr. Denlinger with Mr. Ted Mawla.").) Nothing in the record suggests otherwise. In addition, Mathurin collected information from Ms. Williams which was utilized in the final report.

**Third**, Ms. Williams' statement that "Plaintiff applied for short term disability benefits and an extension of her leave pursuant to RHI's policy" is inaccurate. (Brief 8:17-18.) The evidence shows that Ms. Williams did *not* apply for an extension of her leave pursuant to RHI's policy. Kerry Daley testified that Broadspire informed Ms. Williams she could be eligible for additional RHI medical leave but needed to provide additional medical information to RHI. (Tr. 1468:5-11.) Ms. Williams wanted to keep her records private, did not want to provide additional paperwork, and did not want her case manager to send a request for medical leave to RHI. (Tr. 1472:23-1473:10, Ex. 12.) Broadspire, therefore, understood that Ms. Williams did not want to move forward with the process of being evaluated for RHI medical leave. (*Id.*) In other words, Ms. Williams did not want to apply for an extension of her leave pursuant to RHI's policy when her leave expired in November 2020 and did not do so until mid-December 2020.

**Fourth**, Ms. Williams misstates evidence when she claims that "RHI characterized Plaintiff as being a 'no call no show.' Tr. 183:20 – 185:13; see also 164:22 – 165:5" and that "Plaintiff's manager was telling RHI that she was a 'no call no show.'" (Brief 8:23-25.) The evidence introduced at trial was simply that Ms. Williams said she was **not** "no call no show." (Tr. 164:22-165:4.)  No testimony or documents came in suggesting that RHI characterized Ms. Williams' absence as a "no call no show." (Tr. 185:8-13.) When Ms. Williams' counsel attempted to read an exhibit relating to this "no call no show" issue into the record, the Court struck counsel's question and Ms. Williams' response. (Tr. 163:18-164:20.) In any event, Ms. Williams agreed that she was not on medically approved leave between November 20 and December 16, 2020. (Tr. 437:8-11.)

**Fifth**, the Brief incorrectly asserts that "[o]nly when Plaintiff's counsel intervened did RHI begrudgingly relent" on considering her a "no call now show." (Brief 8:25-26.) Ms. Williams ignores that each time an attempt was made to inject her counsel's actions into the proceedings, her testimony was stricken and is, therefore, not part of the evidentiary record. (Tr. 436:15-18, 438:22-439:3.) As noted above, when Ms. Williams' counsel attempted to intervene and read in inadmissible evidence, the Court appropriately

struck counsel's statement. (Tr. 163:18-164:20.) Thus, there nothing in the record relating to Ms. Williams' counsel's intervention or RHI's response to Ms. Williams' counsel's actions.

**Sixth**, Ms. Williams incorrectly states, "Once the behind the scenes emails were wrenched from RHI in discovery with the aid of the Court's order, RHI's efforts to thwart Plaintiff at every turn became clear." (Brief 8:27-28.) No evidence regarding the discovery process or prior motion practice was introduced into evidence during trial consequently these unsupported arguments are inappropriate.

**Seventh**, Ms. Williams mischaracterizes the parties stipulation by stating:

> RHI stipulated that the [Regional VP] position went to Young in the parties' Joint Stipulated Facts submitted to the Court. (ECF 162, fact 7: 'Ms. Williams was not selected for the Regional VP of MBS position. Thomas Young, a male was selected for the role in the Central Region.') It is, of course, stunning that its own witnesses would attempt to contradict under oath a fact stipulated to by RHI in a filing subject (like all pleadings) to FRCP 11.

(Brief 13:1-5.) The evidence introduced during trial was that RHI initially anticipated that the Regional VP role for the central zone would be one position covering a number of states, but when Beth Brockway applied for the position, the role was split into two as it "made sense" to do so given that Ms. Brockway lived in Iowa, had a client base in Iowa, and also had a history of working with clients outside of Iowa. (Tr. 845:25-846:4, 775:3-11.) Mr. Hird, the hiring manager, then split the region into two, offering the roles to Ms. Brockway and to Mr. Young. (Tr. 742:22-25.) The statement in the Joint Stipulation of Facts is fully consistent with Mr. Hird's testimony. As often occurs at trial, the witness – Mr. Hird – simply expanded upon and provided further detail about the stipulated facts which provided a more complete picture of the situation.[1]

---

[1] Ms. Williams characterizes RHI's own witnesses contradiction of stipulated facts as "stunning." As the Court recognized, RHI has always taken the position that the Regional VPs of MBS role for the Central Region was

As each of these seven statements in the Brief are not supported by the record, RHI respectfully requests the following portions of Plaintiff's Brief be stricken: 6:16-18, 7:22-25, 8:17-18, 8:23-28, 13:1-5. *See Miguel*, 338 F.3d 995 at 1001 (district courts have power to preclude argument where a parties' theories are not supported by the evidence).

DATED:  June 16, 2023              GREENBERG TAURIG, LLP


By      */S/ Ellen M. Bronchetti*
    Ellen M. Bronchetti
    Ron J. Holland
    Attorneys for Defendant
    ROBERT HALF INTERNATIONAL, INC.

---

split into two roles and her counsel knows refused to stipulate to that fact.  That RHI agreed to stipulate to the fact that Mr. Young received a role does not mean that RHI ever took the position that he was the only person in the role.  As the Court recognized during trial, at best, RHI's stipulated fact was incomplete but not inaccurate.  As Mr. Hird said in his declaration submitted in support of RHI's motion for summary judgment, RHI split the position into two—a fact that is overwhelmingly supported by the evidence. (Tr.723:22-724:9, 845:21-846:7, 873:23-874:9.)