RAFKIN ESQ., PLLC
SETH A. RAFKIN (199166)
(srafkin@rafkinesq.com)
JENNIFER M. BOGUE (259431)
(jbogue@rafkinesq.com)
1201 SUSSEX TURNPIKE, SUITE 102
RANDOLPH, NJ  07869
Telephone:     (973) 891-3370
Facsimile:      (973) 920-9727

Attorneys for PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELEE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT HALF INTERNATIONAL INC.,<br><br>Defendant. | **CASE NO. 4:20-cv-03989**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S CLOSING ARGUMENT BRIEF**<br><br>TRIAL: May 1, 2023<br><br>PLACE: 1301 Clay Street, Oakland, California 94612<br>Complaint Filed: 6/16/2020 |

Plaintiff Kelee Williams submits the following response to the objections of Defendant Robert Half International Inc. ("RHI") to Plaintiff's Closing Argument Brief (ECF 221).

Defendant provides no basis to strike the requested portions of the Closing Argument Brief.

First, Defendant argues that "[t]here is no evidence in the record showing that information important to Ms. Williams' VP, MBS role, or even relevant to her role, were shared in any meetings she did not attend." This is plainly false. Among other things, Plaintiff testified that there were MBS leadership meetings for VPs and above, from which she was excluded, and at such meetings leadership discussed "how to generate revenue, how to deal with the different lines of business, just important things that would help me do my job better." Williams Testimony, Tr. 75:18 – 76:12.

Second, Defendant argues that "Mr. Mathurin testified that he – not Mr. Mawla – was the one who interviewed Mr. Trudeau." Again, not so. Mr. Mathurin may have been in a room with Mr. Malwa and Mr. Trudeau, although it's not clear. As the Court is well aware, Defendant repeatedly objected on the basis of privilege to anything related to anything Mr. Malwa did in response to Plaintiff's complaint. What is clear is that Mr. Mathurin testified that the ***only thing he did*** with respect to the purported investigation into Plaintiff's complaint was to interview Plaintiff. *See* Mathurin Testimony, Tr. 1157:19 – 23 ("my portion of the investigation was to speak with Ms. Williams to gather the facts around her concerns, but that was the extent of my involvement in the investigation"); & 1163:3 – 7 ("So, again, my part of the investigation was limited to speaking with Ms. Williams to gather her concerns. So I did not personally look into that part of the complaint.") In fact Mr. Mathurin repeated this at least six times in his testimony. *Id.*, *see also* Mathurin Testimony, Tr. 919:11 – 926:6.

Third, Defendant's statements about Plaintiff's request for an extension of leave is argument, not an evidentiary objection. In any event, RHI's own documents state that Plaintiff "requested via email to extend her leave on 11/16/2020." Ex. 18. They also show RHI cancelled a leave extending through December without even telling Plaintiff. *Id.*; Mathurin Testimony, Tr. 930:4 – 22. And of course, RHI did in fact extend Plaintiff's leave but only after her lawyer got involved. Williams Testimony, Tr. 180:13 – 181:5.

Fourth, with respect to the fact that, despite Plaintiff's documented requests for an extension of leave, RHI classified her as a "no call no show", Defendant argues that Plaintiff mischaracterizes evidence. However, that is precisely what Plaintiff testified to. Williams Testimony, Tr. 185:8 – 13 ("they had called me a no call or deemed me a no call, no show, as we had talked about."). Moreover, this issue and Defendant's counsel's email advising of RHI's position were a part of the record on summary judgment. *See* ECF 96 at p. 23 (ECF page #29) and ECF 98 & 103-7. There has never been any objection to the authenticity of Ms. Bronchetti's email advising of the Company's position.

Fifth, Plaintiff testified that the reason RHI finally approved her leave was her lawyer got involved. Williams Testimony, Tr. 180:13 – 181:5. There was no objection to the question and no motion to strike. *See id.* This fact is plainly part of the record and Defendant's objection is unfounded.

Sixth, Defendant's failure to produce documents related to the selection process for the RVP, MBS position until nearly a *year* after Plaintiff served RFPs to which they were plainly responsive, and two months *after* the deposition of George Denlinger, is part of the Court's record on summary judgment. *See* ECF 96 at p. 20 (ECF page #26) and ECF 98 ¶ 11, 12. RHI has never disputed these facts.

Seventh, RHI's argument about the Central Zone RVP, MBS position is not an evidentiary objection. RHI continues to mischaracterize this issue. The simple fact is that RHI stipulated that Tom Young, a man, was selected for the Central Zone RVP, MBS position and Plaintiff was not. ECF 162, Fact No. 7.  Hird's own declaration on summary judgment, to which RHI now refers in its objection, states that the Central Zone RVP, MBS position covered "8 territories, including 6 states: Ohio, Minnesota, Illinois [Plaintiff's home state], Wisconsin, Indiana, parts of Pennsylvania, and parts of Missouri." ECF 91-8, ¶ 15. Notably that list does not include Iowa. The declaration also states that Hird hired Tom Young for the central region. *Id.* ¶ 20.  In short, the notion that somehow RHI "also" hired a woman for the central region is an after-the-fact distortion of the facts (indeed, stipulated facts) to attempt to avoid the discriminatory and retaliatory implications of its hiring of Tom Young over Plaintiff and cover for the fact that RHI falsely claimed that it hired a woman for

1  the Central Zone in response to Plaintiff's written complaint of discrimination and retaliation in
2  April of 2020.  Ex. 14, p. 2.
3  Executed June 21, 2023.

4  By: _____

5  SETH A. RAFKIN (199166)
6  (srafkin@rafkinesq.com)
   JENNIFER M. BOGUE (259431)
7  (jbogue@rafkinesq.com)
   **RAFKIN ESQ., PLLC**
8  1201 SUSSEX TURNPIKE, SUITE 102
   RANDOLPH, NJ  07869
9  Telephone:(973) 891-3370
10 Facsimile:  (973) 920-9727

11 *Attorneys for Plaintiff*